# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BRIAN JAMES IRVIN BRADLEY,

**Plaintiff,**

v.

**Case No. 25-C-1540**

TRACY THOMPSON,

**Defendant.**

---

## DECISION AND ORDER

---

Plaintiff Brian James Irvin Bradley, who is incarcerated at the Oshkosh Correctional Institution and representing himself, is proceeding on an Eighth Amendment medical care claim against Defendant Dr. Tracy Thompson based on allegations that she was deliberately indifferent to his seizure disorder. Defendant moved for summary judgment on February 6, 2026, on the ground that Bradley did not exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 17. In a notice and order, the court notified Bradley that under Civil L. R. 56(b)(2) his response materials were due by April 22, 2026. Dkt. No. 21. The court warned Bradley that, if he failed to respond to the motion by the deadline, the court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The deadline has passed, and Bradley did not respond to Defendant's summary judgment motion.

The court has reviewed Defendant's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the undisputed facts, the court finds that Bradley failed to exhaust the available administrative remedies because he did not appeal the dismissals of

his inmate complaints. Because Bradley did not complete every step in the exhaustion process before he filed this lawsuit, Defendant is entitled to summary judgment. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025. (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that the Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 17) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 1st day of May, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

2